IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND A. LONG, M.D., :
:
          **Plaintiff** :
:
    vs. : NO. 1:07-mc-00035-RCL
:
TRIAD HOSPITALS, INC.; :
QUORUM HEALTH RESOURCES, L.L.C.; :
NORTHWESTERN MEDICAL CENTER, INC.; :
PETER A. HOFSTETTER; :
JACQUES M. ARCHAMBAULT, M.D.; :
MICHAEL BURFOOT, B.M., B.Ch.; :
JOSEPH SALOMONE, M.D.; :
JAMES DUNCAN, M.D., and :
STEPHEN MASON, M.D. :

          **Defendants**

RECEIVED

FEB 5 – 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S ANSWER TO DEFENDANT
PETER HOFSTETTER'S MOTION TO
<u>QUASH SUBPOENA DUCES TECUM</u>**

    Plaintiff, Raymond A. Long M.D., by counsel, hereby answers Defendant Peter Hofstetter's Motion to Quash Subpoena Duces Tecum as follows:

    1.    Admitted and denied. Admitted only that this action has been initiated by Plaintiff in United States District Court for the District of Vermont. Plaintiff's Amended Complaint (attached as Exhibit "A" to Defendant's Motion to Quash) speaks for itself.

    By way of further answer, in Count IX of his Amended Complaint, Plaintiff avers that defendants Triad Hospitals, Inc. ("Triad"), Quorum Health Resources L.L.C. ("Quorum") and Northwestern Medical Center, Inc. ("NMC") "are answerable in damages to Dr. Long for the

1

negligent hiring and supervision of Defendant Hofstetter." (¶ 602 at p. 93 of the Amended Complaint, Defendant Hofstetter's Exhibit "A"). By way of further answer, ¶ 604 of the Amended Complaint states the following:

> "Defendants Triad, QHR and NMC negligently failed to ascertain the propensities of Defendant Hofstetter for wrongful, illegal, destructive, vengeful and malicious action before placing him as Chief Executive Officer of NMC in which position he was able to orchestrate and perpetrate the aforesaid malicious actions against Dr. Long."

By way of further answer, ¶¶ 323 - 340, 350 - 353, 360 - 367, 381 - 391 of the Amended Complaint set forth a history of infected surgeries suffered by Plaintiff's patients and of NMC's supplying contaminated irrigation solution to be used for surgery. Testing revealed that the irrigation solution was contaminated with the deadly bacterium *staph aureus*.

By way of further answer, discovery in this case has disclosed that NMC had purchased *staph aureus* during the relevant time period.

By way of further answer, Defendant Hofstetter has disclosed in discovery that he received a biology degree from American University.

In all other respects, the averments and characterizations by Defendant are denied.

2. Admitted and denied. Admitted that Plaintiff served the subpoena on the Office of Registrar for American University. Denied that the documents sought are irrelevant to this litigation.

By way of further answer, the subpoenaed documents are highly relevant to Plaintiff's aforesaid claim of negligent hiring and supervision in that they pertain to whether or not

2

Defendant Hofstetter had an ascertainable history of "wrongful, illegal, destructive, vengeful and malicious action" of which Triad, QHR and NMC should have reasonably been aware.

By way of further answer, the subpoenaed documents are highly relevant to determining the extent to which Defendant Hofstetter received education and training in the field of biology to include microbiology, the study of microbe cultures, sterility and microbial contamination.

3. Admitted.

4. Admitted.

5. Denied as stated. This paragraph sets forth conclusions of law to which no response is required. Denied that the documents subpoenaed are irrelevant to any claims in this case or unlikely to lead to the discovery of admissible evidence.

By way of further answer, the subpoenaed documents are highly relevant to Plaintiff's aforesaid claim of negligent hiring and supervision in that they pertain to whether or not Defendant Hofstetter had an ascertainable history of "wrongful, illegal, destructive, vengeful and malicious action" of which Triad, QHR and NMC should have reasonably been aware.

By way of further answer, the subpoenaed documents are highly relevant to determining the extent to which Defendant Hofstetter received education and training in the field of biology to include microbiology, the study of microbe cultures, sterility and microbial contamination.

6. Denied. This paragraph sets forth a conclusion of law to which no response is required. Denied that the documents subpoenaed are irrelevant to any claims in this case.

By way of further answer, the subpoenaed documents are highly relevant to Plaintiff's aforesaid claim of negligent hiring and supervision in that they pertain to whether or not Defendant Hofstetter had an ascertainable history of "wrongful, illegal, destructive, vengeful and

malicious action" of which Triad, QHR and NMC should have reasonably been aware.

By way of further answer, the subpoenaed documents are highly relevant to determining the extent to which Defendant Hofstetter received education and training in the field of biology to include microbiology, the study of microbe cultures, sterility and microbial contamination.

7. This paragraph sets forth a prayer for relief to which no response is required.

WHEREFORE, Plaintiff, Raymond A. Long, M.D., prays that Defendant Hofstetter's Motion to Quash Plaintiff's subpoena duces tecum be denied.

Respectfully submitted,

DAVIS, PARRY & TYLER

*/s/ Lloyd George Parry*

Lloyd George Parry, Esquire
D.C. Bar # 17647
1525 Locust Street, 14th Floor
Philadelphia, PA 19102
215-732-3755
lgparry@dpt-law.com

G:\Share\LGP\Long, Ray P-343.1\legal\subpoenas\American University\answer to motion to quash.wpd

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

RAYMOND A. LONG, M.D. :
        Plaintiff :
vs. :
        :Docket No. 1:07-MC-00035-RCL
TRIAD HOSPITALS, INC. :
        Defendants :

### CERTIFICATE OF SERVICE

I, Lloyd George Parry, Esquire, hereby certify that on February 2, 2007, I caused Plaintiff's Answer to Defendant Peter Hofstetter's Motion to Quash Subpoena Duces Tecum to be served as follows:

1. Via e-mail and First Class Mail on

    Phillip C. Zane, Esquire
    Baker, Donelson, Bearman, et al
    555 Eleventh Street
    Sixth Floor
    Washington, D.C. 20004

    and

    William E. Leckerling, Esquire
    84 Pine Street
    Fifth Floor
    Burlington, VT 05401

    Attorneys for Defendants
    Triad Hospitals, Inc.
    Quorum Health Resources, LLC
    Peter A. Hofstetter

2. Via e-mail on

    Brian Peters, Esquire
    Mark Mattioli, Esquire
    Kathleen Chancler, Esquire
    Post & Schell
    Four Penn Center
    1600 JFK Boulevard
    Philadelphia, PA 19103

1

Joseph Cahill, Esquire
Brown, Cahill, Gawne & Miller
P.O. Box 810
St. Albans, VT 05478

Attorneys for Defendant
Northwestern Medical Center, Inc.

Robert Frank, Esquire
Harvey & Frank
Two City Center
Fourth Floor
Portland, ME 04112-0126

Attorneys for Defendants
Jacques M. Archambault, M.D.
Michael Burfoot, B.M., B.Ch.
Joseph Salomone, M.D.
James Duncan, M.D.
Stephen Mason, M.D.

Dated at Philadelphia, Pennsylvania on February 2, 2007.

*/s/ Lloyd George Parry*
Lloyd George Parry
D.C. Bar # 17647
Davis, Parry & Tyler
1525 Locust Street, 14th Floor
Philadelphia, PA 19102
215-732-3755
lgparry@dpt-law.com
Attorney for Plaintiff